


**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TYRONE WILSON,                         :
                                        :    Civil Action No. 06-4201 (NLH)
        Petitioner,            :
                                        :
    v.                                    :    **OPINION**
                                        :
RONALD CATHEL, et al.,                 :
                                        :
        Respondents.           :

**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Tyrone Wilson
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**HILLMAN**, District Judge

    Petitioner Tyrone Wilson, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] and an application for leave to proceed <u>in forma pauperis</u>. The respondents are Administrator Ronald Cathel and the Attorney General of the State of New Jersey.

---

[1] Section 2254 provides in relevant part:

    (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Notice has not been given pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), because it appears from a review of the Petition and its attachments that the Petition is not timely. <u>See</u> 28 U.S.C. §§ 2243, 2244(d).

## I. BACKGROUND

Petitioner asserts that he was convicted, pursuant to a jury trial in the Superior Court of New Jersey, Trial Division, Cape May County on April 30, 1996, of purposeful or knowing murder and related offenses. Pursuant to a separate but related indictment, the trial court found Petitioner guilty of possession of a handgun by a convicted person. On June 12, 1996, the trial court sentenced Petitioner to an aggregate sentence on all counts of life imprisonment with a 30-year parole disqualifier.

Following a limited remand to settle the record, the Superior Court of New Jersey, Appellate Division, affirmed the conviction and sentence on May 17, 1999. <u>See</u> <u>State v. Wilson</u>, 335 N.J. Super. 359 (App. Div. 1999).[2] On November 20, 2000, the Supreme Court of New Jersey affirmed the conviction and sentence. <u>See</u> <u>State v. Wilson</u>, 165 N.J. 657 (2000). Petitioner did not

---

[2] The progress of Petitioner's state-court litigation is recounted in the Petition. In addition, this Court will take judicial notice of the dockets of the state courts of New Jersey. <u>See</u> Fed.R.Evid. 201; <u>Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.</u>, 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

petition the United States Supreme Court for a writ of certiorari. (Petition at 6-7.)

On August 14, 2002, Petitioner filed his first state court petition for post-conviction relief ("PCR") in the Superior Court of New Jersey, Trial Division, Cape May County. On January 9, 2004, the PCR court denied the petition. On September 23, 2005, the Superior Court of New Jersey, Appellate Division, affirmed the denial of relief. See State v. Wilson, 2005 WL 2447851 (N.J. Super., App.Div. 2005). On January 26, 2006, the Supreme Court of New Jersey denied certification. See State v. Wilson, 186 N.J. 244 (2006). (Petition at 7-8.)

This Petition, dated August 20, 2006, followed.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce

3

v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III. ANALYSIS

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

4

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during the period between a lower state court's decision and the filing

---

[3]  [A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

5

of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 122 S.Ct. 2134 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24. However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." <u>Stokes v. District Attorney of the County of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling. <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir.), <u>cert. denied</u>, 534 U.S. 944 (2001); <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3d Cir. 1999); <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

<u>Miller</u>, 145 F.3d at 618-19 (citations omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum,"

i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, Petitioner's conviction became final on February 18, 2001, ninety days after the Supreme Court of New Jersey affirmed his conviction and sentence. Therefore, Petitioner had until February 18, 2002, absent statutory or equitable tolling, to file his § 2254 petition in this Court. As his state PCR petition was not filed until almost six months after that date, and he has asserted no facts suggesting any ground for equitable tolling, it appears that the Petition is untimely.

## IV. CONCLUSION

For the reasons set forth above, Petitioner will be ordered to show cause why the Petition should not be dismissed as untimely. An appropriate order follows.

*Noel L. Hillman*
Noel L. Hillman
United States District Judge

Dated: Sept 26, 2006

At Camden, New Jersey